UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CESARIO MARINI-SANCHEZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 1:26-cv-05080-DJC-CKD

ORDER

A# 234-227-053

Petitioner Cesario Marini-Sanchez is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1).  The Court has previously addressed the legal issues raised in Count 2 of the Petition.  *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Count 2 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 4.)  Respondents concede that "[t]he instant matter is not substantially different than the other cases cited by the Court in its minute order[.]"  (ECF No. 5 at 1.)  Respondents do note that Petitioner was transferred into ICE custody

in connection with an arrest by local law enforcement in a criminal case.[1] (*Id.*) This does not alter the Court's analysis, though it justifies providing Petitioner with a prompt post-deprivation hearing. *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2, for the reasons stated in those prior orders.[2]

Within fourteen (14) days of this Order, Respondents shall afford Petitioner Cesario Marini-Sanchez a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:　**July 13, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] The Government also notes that Petitioner filed a prior habeas petition in a different court. However, it appears that petition was voluntary dismissed without prejudice before the court reached the merits. (*See* ECF No. 5 at 16.)

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2